United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE RICHARD LEAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4620 |
| | § | |
| TODD BLANCHE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jose Richard Leal ("Petitioner"), a citizen of Venezuela, entered the United States without inspection on May 6, 2023.[1] Shortly after his entry into the United States, the Department of Homeland Security conducted a credible fear interview and found that Petitioner had a credible fear of persecution in Venezuela.[2] On June 12, 2023, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3]  On August 1, 2023, Petitioner was released on his own

---

[1]Verified Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 6 ¶ 21.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Notice to Appear, Exhibit 3 to Habeas Petition, Docket Entry No. 1-3, p. 1.

recognizance.[4]  On January 2, 2024, an immigration judge dismissed Petitioner's removal proceedings.[5]

On December 13, 2024, Petitioner was granted temporary protected status until April 2, 2025.[6]  On February 8, 2024, Petitioner filed an application for asylum with the United States Citizenship and Immigration Services.[7]  On May 14, 2026, Petitioner was taken into Immigration and Customs Enforcement custody at his asylum application interview.[8]  That same day he was served with a Notice to Appear, charging him with removability pursuant to § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[9]  Petitioner remains in immigration custody.[10]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process, equal protection, and the Suspension Clause, and is arbitrary and capricious under the

---

[4]Habeas Petition, Docket Entry No. 1, p. 7 ¶ 24.

[5]Id. ¶ 25.

[6]Id. at 8 ¶ 26.

[7]Id. ¶ 27.

[8]Id.

[9]Notice to Appear, Exhibit 10 to Habeas Petition, Docket Entry No. 1-10, pp. 1,4.

[10]Habeas Petition, Docket Entry No. 1, p. 8 ¶ 28.

Administrative Procedure Act ("APA").[11]  Petitioner also argues that Respondents should be equitably estopped from asserting that Petitioner is subject to detention under § 1225(b)(2) because he was previously released on his own recognizance.[12]  Also pending before the court is Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 7).  Respondents argue that Petitioner's detention does not violate due process or equal protection because he is legally detained under § 1225(b)(2) as an applicant for admission.[13]  Petitioner has filed a reply.[14]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in

---

[11]Id. at 15-26, 28-31 ¶¶ 50-88, 94-104.  As explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claims under the Suspension Clause and the APA are foreclosed.

[12]Id. at 27-28 ¶¶ 89-93.

[13]Respondents' MSJ, Docket Entry No. 7, pp. 1-2, 4. Respondents also argue that Petitioner's detention does not violate the Fifth Circuit's holding in Rodriguez v. Ortega, No. 26-50183, 2026 WL 1906557 (5th Cir. Jul. 2, 2026).  Id. at 1-3.  However, the court need not address this argument because that opinion has been vacated.  Rodriguez v. Ortega, No. 26-50183, 2026 WL 2014647 (5th Cir. Jul. 10, 2026).

[14]Reply to Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 8.

Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez."[15] Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

---

[15]Although Petitioner argues that noncitizens who overstayed their visas are a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, "Petitioner is comparing himself to a distinct group of noncitizens who are in removal proceedings on entirely different grounds." Respondents' MSJ, Docket Entry No. 7, p. 5 (explaining that "entry into the United States without inspection is a criminal offense, [while] overstaying a visa is a civil infraction").

-4-

Finally, Petitioner's equitable estoppel claim fails. "As an initial matter, generally equitable estoppel will not lie against the Government as it lies against private litigants." Heredia v. Bondi, 2026 WL 1587132, at *5 (S.D. Tex. Apr. 20, 2026) (citations omitted). Even assuming such a claim could proceed, Petitioner has not identified any affirmative misconduct by Respondents. "The Fifth Circuit has made clear that prior enforcement practices do not override the plain text of the statute." Id. "Thus, the fact that Petitioner may have previously been released under § 1226 does not preclude Respondents from later applying § 1225(b)(2)(A)." Id.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**, and Petitioner's Verified Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of July, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE